UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY MANEMAN et al., <br><br> Plaintiffs, <br><br> v. <br><br> WEYERHAUSER COMPANY et al., <br><br> Defendants. | CASE NO. C24-2050-KKE <br><br> ORDER GRANTING AMERICAN COUNCIL OF LIFE INSURERS' MOTION FOR LEAVE TO FILE *AMICI CURIAE* |

This matter comes before the Court on the American Council of Life Insurers' ("ACLI") motion for leave to participate as *amici curiae* in support of Defendants' motions to dismiss. Dkt. No. 45. For the reasons below, the Court grants the motion. *Id.*

On December 12, 2024, Plaintiffs (Gregory Maneman, Annette Williams, Cassandra Wright, James Hollins, and Pierre Donaby) filed this putative class action against Defendants (Weyerhaeuser Company, Weyerhaeuser Company Annuity Committee, Weyerhaeuser Company Administrative Committee, State Street Global Advisors Trust Company, and Does 1–5) for breach of fiduciary duty and violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1001 *et seq.* Dkt. No. 1. The alleged bad acts arise from Defendants' January 2019 transfer of certain pension obligations to a "highly risky private equity-controlled insurance company with a complex and opaque structure." *Id.* ¶ 3. On February 24, 2025, Defendants filed two motions to dismiss arguing Plaintiffs lack standing and fail to state a claim

under Federal Rule of Civil Procedure 12(b)(6).  Dkt. Nos. 32, 33.  These motions will be fully briefed on May 30, 2025.  Dkt. No. 42.

The Court previously granted the ERISA Industry Committee, the American Benefits Council, and the Committee on Investment of Employee Benefit Assets Inc. leave to submit an *amici curiae* brief in support of Defendants' motion to dismiss because it would be "of assistance to the Court in considering the 'important, historical context for the role annuity purchases play in the voluntary retirement benefit system' and 'practical perspectives on the consequences of particular outcomes.'"  Dkt. No. 43 at 3 (quoting Dkt. No. 36 at 5).  Now ACLI, "the leading trade association driving public policy and advocacy on behalf of the life insurance industry[,]" seeks to file an *amici curiae* brief in support of Defendants' motion to dismiss to provide "a broader gloss focusing on security of the life insurance industry."  Dkt. No. 45 at 1, 2.

District courts have "broad discretion" regarding the appointment of amici.  *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  Courts often welcome amicus briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved."  *United States v. City of Seattle*, No. C12-1282JLR, 2023 WL 3224497, at *1 (W.D. Wash. May 3, 2023).  "There are no strict prerequisites to qualify as amici and the Court will allow an amicus brief where, as here, the amicus has unique information that can help the court beyond the help that the lawyers for the parties are able to provide."  *Wagafe v. Biden*, No. 17-cv-00094-LK, 2022 WL 457983, at *1 (W.D. Wash. Feb. 15, 2022) (cleaned up).  Further, "there is no rule that amici must be totally disinterested."  *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citation omitted); *see Hoptowit*, 682 F.2d at 1260 (affirming district court's appointment of amicus curiae even though amicus supported only one party's arguments).

Here, ACLI's proposed brief will assist the Court by providing context "about regulation of the [life and annuity insurance] industry and protections for insureds and annuitants." Dkt. No. 45 at 2. Accordingly, the motion is GRANTED. *Id.*[1]

The Court DIRECTS the Clerk to accept for filing ACLI's proposed *amici curiae* brief (Dkt. No. 45-1). The parties may file optional responses to this brief by June 6, 2025. This order does not entitle ACLI to make a formal appearance at any hearing, participate in oral argument at any hearing, or file any reply memoranda.

Dated this 23rd day of May, 2025.

Kymberly K. Evanson
United States District Judge

---

[1] ACLI's motion is labeled as a "motion for leave to file *amicus curiae* brief[.]" Dkt. No. 45. The Court only permits ACLI to file the proposed amicus curiae brief in support of Defendants' motion to dismiss. Dkt. No. 45-1. ACLI may not otherwise participate without explicit leave of the court.