UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY MANEMAN et al.,<br><br>                Plaintiff(s),<br>    v.<br><br>WEYERHAUSER COMPANY et al.,<br><br>                Defendant(s). | CASE NO. C24-2050-KKE<br><br>ORDER GRANTING AMERICAN COUNCIL OF LIFE INSURERS LEAVE TO FILE *AMICI CURIAE* |

    This matter comes before the Court on the American Council of Life Insurers' ("ACLI") unopposed motion for leave to file an *amici curiae* brief in support of Defendants' motions to dismiss. Dkt. No. 69. The Court previously granting ACLI leave to file an *amici curiae* brief in support of Defendants' first motions to dismiss (Dkt. No. 59) and for the same reasons, the Court grants this motion. Dkt. No. 69.

    On May 29, 2025, Plaintiffs (Gregory Maneman, Annette Williams, Cassandra Wright, James Hollins, and Pierre Donaby) filed this putative class action against Defendants (Weyerhaeuser Company, Weyerhaeuser Company Annuity Committee, Weyerhaeuser Company Administrative Committee, State Street Global Advisors Trust Company, and Does 1–5) for breach of fiduciary duty and violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1001 *et seq.* Dkt. No. 62. The alleged bad acts arise from Defendants' January 2019 transfer of certain pension obligations to a "highly risky private equity-controlled

insurance company with a complex and opaque structure." *Id.* ¶ 3. On July 31, 2025, Defendants filed two motions to dismiss arguing Plaintiffs lack standing and fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 66, 67. These motions will be fully briefed on October 24, 2025. Dkt. No. 63.

ACLI, "the leading trade association driving public policy and advocacy on behalf of the life insurance industry[,]" seeks to file an *amici curiae* brief in support of Defendants' motion to dismiss to provide "a broader gloss focusing on security of the life insurance industry." Dkt. No. 69 at 1, 2.

District courts have "broad discretion" regarding the appointment of *amici*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Courts often welcome *amicus* briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved." *United States v. City of Seattle*, No. C12-1282JLR, 2023 WL 3224497, at *1 (W.D. Wash. May 3, 2023). "There are no strict prerequisites to qualify as amici and the Court will allow an amicus brief where, as here, the amicus has unique information that can help the court beyond the help that the lawyers for the parties are able to provide." *Wagafe v. Biden*, No. 17-cv-00094-LK, 2022 WL 457983, at *1 (W.D. Wash. Feb. 15, 2022) (cleaned up). Further, "there is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citation omitted); *see Hoptowit*, 682 F.2d at 1260 (affirming district court's appointment of amicus curiae even though amicus supported only one party's arguments).

Here, ACLI's proposed brief will assist the Court by providing context "about regulation of the [life and annuity insurance] industry and protections for insureds and annuitants." Dkt. No. 69 at 2. Accordingly, the motion is GRANTED. *Id*.

The Court DIRECTS the Clerk to accept for filing ACLI's proposed *amici curiae* brief (Dkt. No. 69-1).  The parties may file optional responses to this brief by October 24, 2025.  This order does not entitle ACLI to make a formal appearance at any hearing, participate in oral argument at any hearing, or file any reply memoranda.

Dated this 25th day of August, 2025.

Kymberly K. Evanson
United States District Judge