UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY MANEMAN et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>WEYERHAUSER COMPANY et al.,<br><br>       Defendants. | CASE NO. C24-2050-KKE<br><br>ORDER GRANTING LEAVE TO FILE *AMICI CURIAE* |

This matter comes before the Court on the ERISA Industry Committee ("ERIC"), the American Benefits Council (the "Council"), and Committee on Investment of Employee Benefit Assets Inc.'s ("CIEBA") (collectively, "Amici") motion for leave to file an *amici curiae* brief in support of Defendants' motions to dismiss. Dkt. No. 71. The Court previously granted Amici leave to file an *amici curiae* brief (Dkt. No. 43) and for the same reasons, the Court grants this motion. Dkt. No. 71.

On May 29, 2025, Plaintiffs (Gregory Maneman, Annette Williams, Cassandra Wright, James Hollins, and Pierre Donaby) filed this putative class action against Defendants (Weyerhaeuser Company, Weyerhaeuser Company Annuity Committee, Weyerhaeuser Company Administrative Committee, State Street Global Advisors Trust Company, and Does 1–5) for breach of fiduciary duty and violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1001 *et seq*. Dkt. No. 62. The alleged bad acts arise from Defendants'

January 2019 transfer of certain pension obligations to a "highly risky private equity-controlled insurance company with a complex and opaque structure." *Id.* ¶ 3. On July 31, 2025, Defendants filed two motions to dismiss arguing Plaintiffs lack standing and fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 66, 67. These motions will be fully briefed on October 24, 2025. Dkt. No. 63.

On August 28, 2025 Amici moved to submit an *amici curiae* brief in support of Defendants' motion to dismiss. Dkt. No. 71.

> Amici thus seek to provide critical background against which to assess whether the factual allegations presented in a complaint meet the rigorous bar for ERISA imprudence pleadings—background that is especially helpful in the present context, where Plaintiffs are pursuing a novel, speculative theory that would limit plan sponsors' ability to manage future pension expenses in the face of changing realities or increased economic uncertainty.

*Id.* at 3–4. The motion is unopposed.

District courts have "broad discretion" regarding the appointment of amici. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Courts often welcome amicus briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved." *United States v. City of Seattle*, No. C12-1282JLR, 2023 WL 3224497, at *1 (W.D. Wash. May 3, 2023). "There are no strict prerequisites to qualify as amici and the Court will allow an amicus brief where, as here, the amicus has unique information that can help the court beyond the help that the lawyers for the parties are able to provide." *Wagafe v. Biden*, No. 17-cv-00094-LK, 2022 WL 457983, at *1 (W.D. Wash. Feb. 15, 2022) (cleaned up). Further, "there is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citation omitted); *see Hoptowit*, 682 F.2d at 1260 (affirming district court's appointment of amicus curiae even though amicus supported only one party's arguments).

Here, Amici's proposed brief is of assistance to the Court in considering the "important, historical context for the role annuity purchases play in the voluntary retirement benefit system." Dkt. No. 71 at 5.  Accordingly, the motion is GRANTED.  *Id*.

The Court DIRECTS the Clerk to accept for filing Amici's proposed *amici curiae* brief (Dkt. No. 71-1).  The parties may file optional responses to this brief by October 24, 2025.  This order does not entitle Amici to make a formal appearance at any hearing, participate in oral argument at any hearing, or file any reply memoranda.

Dated this 29th day of August, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING LEAVE TO FILE AMICI CURIAE - 3