UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY MANEMAN et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>WEYERHAUSER COMPANY et al.,<br><br>               Defendants. | CASE NO. C24-2050-KKE<br><br>ORDER GRANTING LEAVE TO FILE *AMICUS CURIAE* |

      This matter comes before the Court on Pension Rights Center's motion for leave to file an *amicus curiae* brief in support of Plaintiffs' opposition to Defendants' motions to dismiss. Dkt. No. 75. The Court previously granted four other organizations leave to file *amici curiae* briefs supporting Defendants' motion. *See* Dkt. Nos. 70, 72. For similar reasons, the Court grants this motion. Dkt. No. 75.

      On May 29, 2025, Plaintiffs (Gregory Maneman, Annette Williams, Cassandra Wright, James Hollins, and Pierre Donaby) filed this putative class action against Defendants (Weyerhaeuser Company, Weyerhaeuser Company Annuity Committee, Weyerhaeuser Company Administrative Committee, State Street Global Advisors Trust Company, and Does 1–5) for breach of fiduciary duty and violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1001 *et seq*. Dkt. No. 62. The alleged bad acts arise from Defendants' January 2019 transfer of certain pension obligations to a "highly risky private equity-controlled

ORDER GRANTING LEAVE TO FILE AMICUS CURIAE - 1

insurance company with a complex and opaque structure." *Id.* ¶ 3. On July 31, 2025, Defendants filed two motions to dismiss arguing Plaintiffs lack standing and fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 66, 67. These motions will be fully briefed on October 24, 2025. Dkt. No. 63.

On September 19, 2025, Pension Rights Center moved to submit an *amicus curiae* brief in support of Plaintiffs' opposition to Defendants' motion to dismiss. Dkt. No. 75. Pension Rights Center states that its "proposed brief is relevant to this case by exploring the history of pension plan risk transfers to insurance companies and the relevant policy concerns." *Id.* at 3.

District courts have "broad discretion" regarding the appointment of amici. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Courts often welcome amicus briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved." *United States v. City of Seattle*, No. C12-1282JLR, 2023 WL 3224497, at *1 (W.D. Wash. May 3, 2023). "There are no strict prerequisites to qualify as amici and the Court will allow an amicus brief where, as here, the amicus has unique information that can help the court beyond the help that the lawyers for the parties are able to provide." *Wagafe v. Biden*, No. 17-cv-00094-LK, 2022 WL 457983, at *1 (W.D. Wash. Feb. 15, 2022) (cleaned up). Further, "there is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citation omitted); *see Hoptowit*, 682 F.2d at 1260 (affirming district court's appointment of amicus curiae even though amicus supported only one party's arguments).

Here, the proposed brief is of assistance to the Court in considering what Pension Rights Center characterizes as "significant differences in regulatory structures and benefit security concerns between ERISA-regulated pension plans and state regulated insurance contracts." Dkt. No. 75 at 2. Accordingly, the motion is GRANTED.

ORDER GRANTING LEAVE TO FILE AMICUS CURIAE - 2

The Court DIRECTS the Clerk to accept for filing Pension Rights Center's proposed *amicus curiae* brief (Dkt. No. 75-1). The parties may file optional responses to this brief by October 24, 2025. This order does not entitle Pension Rights Center to make a formal appearance at any hearing, participate in oral argument at any hearing, or file any reply memoranda.

Dated this 23rd day of September, 2025.

Kymberly K. Evanson
United States District Judge